UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
IN RE:

3175-77 Villa Avenue Housing Development           CH. 11
Fund Corp,                                         Case No. 19-12359-jlg


                    Debtor.

_____X

3175-77 Villa Avenue Housing Development
Fund Corp,

                    Plaintiff,                    Adv. Case No._____

-against-

City of New York, Maria Torres-Springer, Commissioner
of the New York City Department of Housing Preservation
and Development, and Jacques Jiha, Commissioner of the
New York City Department of Finance,

                    Defendants.
_____X

## COMPLAINT

3175-77 Villa Avenue Housing Development Fund Corp (the "Debtor" and the "Plaintiff") by and through its attorney, Charles A. Higgs, Esq. of the Law Office of Charles A. Higgs, hereby files this complaint against the defendants, the City of New York; Maria Torres-Springer, Commissioner of the New York City Department of Housing Preservation and Development; and Jacques Jiha, Commissioner of the New York City Department of Finance seeking an order:

  A. declaring that the Debtor owns the property known as 3175-77 Villa Ave, Bronx, NY (the "Villa Ave Property") and that pursuant to 541 of the Bankruptcy Code the Villa Ave Property constitutes property of the bankruptcy estate;

B. that the automatic stay under Section 362(a) of the United States Bankruptcy Code (the "Bankruptcy Code") bars the Defendants from transferring or otherwise interfering with Plaintiff's rights and use of the Villa Ave Property;

C. that more than twenty-five (25) years have passed from the date of the Deed and therefore that the restrictions set forth in the Deed no longer apply;

D. directing the Defendants to prepare and cause to be entered an order discontinuing the in-rem foreclosure action against the Villa Ave Property, canceling the notice of pendency, and vacating and setting aside said final judgment as required by Administrative Code § 11-412-1(i); OR

E. In the alternative, should the Court determine that the Villa Ave Property was transferred pre-petition, Plaintiff seeks to avoid any purported pre-petition transfer of the Villa Ave Property as a fraudulent transfer pursuant to Section 548(a) of the Bankruptcy Code; and

F. declaratory judgment deeming the in-rem tax foreclosure process utilized by the Defendants unconstitutional.

## STATUTORY GROUNDS FOR RELIEF

1. The statutory grounds for the relief sought herein are: Sections 105(a), 362(a), 502(a), 541(a), 548(a) of the United States Bankruptcy Code; Rules 7001(2), 7001(9) and 7001(7) of the Federal Rules of Bankruptcy Procedure; the 5th, 10th, and 14th Amendments of the United States Constitution; Article 15 of New York Real Property Actions and Proceedings; and Section 11-412.1(i) of the New York City Administrative Code.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b). Venue in this court is proper pursuant to 28 U.S.C. 1334(b).

3. The causes of action asserted by the Plaintiff constitute core proceedings within the meaning of 28 U.S.C Sections 157(b)(2)(A), 157(b)(2)(H), 157(b)(2)(K). Plaintiff consents to the bankruptcy consents to entry of final orders by the bankruptcy court on each of the causes of action set forth in the Complaint.

2

## THE PARTIES

4. Plaintiff is a residential housing co-operative organized under the laws of New York.

5. Defendant City of New York is a municipal entity.

6. Defendant Maria Torres-Springer is the commissioner of the New York City Department of Housing Preservation and Development.

7. Defendant Jacques Jiha is the Commissioner of the New York City Department of Finance.

## FACTS

8. On July 23, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, and an order of relief was duly entered.

9. The Debtor obtained title to certain real property known as 3175-77 Villa Avenue, Bronx, New York (the "Villa Ave Property") from the City by deed dated April 15, 1993 and recorded on June 7, 1993 (the "Deed"). **A true and correct copy of the Deed is attached as Ex A.**

10. Paragraph 2 of the Deed contains certain restrictions on sale or transfers of the Villa Ave Property without written approval of the New York City Department of Housing Preservation and Development for a period of twenty-five (25) years. The restrictions in the Deed therefore expired on or about April 15, 2018, which is twenty-five (25) years from the date of the Deed.

11. As part of Debtor's purchase of the Villa Ave Property, the Debtor entered into a security agreement with the City of New York dated April 15, 1993 (the "Security Agreement")

3

Subsection AA of Section 1 of the Security Agreement provides that the Security Agreement shall terminate upon twenty-five (25) years from the date of the agreement. As such, pursuant to the terms of the Security Agreement, the Security Agreement terminated on or about April 15, 2018. **A true and correct copy of the Security Agreement is attached as Ex. B.**

12. On July 7, 2015, the Defendant commenced an *in-rem* tax foreclosure against the Plaintiff's Villa Ave Property in the Bronx County Supreme Court, bearing Index No. 40000/2015.

13. The Defendants failed to serve the Plaintiff with notice of the *in-rem* tax foreclosure action, and on December 1, 2017, a default judgment was entered against the Plaintiff (the "Judgment of Foreclosure"). **A true and correct copy of the Judgment of Foreclosure is attached as Ex. C.**

14. The Judgment of Foreclosure provides, in part, that:

> "unless and until the Commissioner of Finance executes a deed conveying parcels of real property pursuant to Administrative Code § 11-412 to the City of New York or, for class one and class two properties, pursuant to §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights . . . of an owner . . ."

*See* **Judgment of Foreclosure[1] attached as Ex. C.**

15. Here, as acknowledged by the City, no deed has yet been executed and, thus at the time of the bankruptcy filing and continuing thereafter, Debtor has remained the owner of the Property with all associated rights.

---

[1] This provision is also set forth in Administrative Code §§ 11-412.1(c) and 11-412.1(d) and is also set forth in Paragraph 17 of the Affirmation of Regularity of Andrea B. Feller, assistant corporation counsel for the City of New York submitted in support of entry of Judgment of Foreclosure in the in-rem tax foreclosure action. **A true and correct copy of the Affirmation of Regularity (less exhibits) is attached as Ex. D.**

16. Furthermore, Administrative Code § 11-412.1(i) provides as follows:

"If the commissioner of finance does not execute a deed conveying to the city or to a third party a parcel of class one or class two real property **within eight months after the entry of final judgment** authorizing the award of possession of such parcel pursuant to subdivision b of this section, the commissioner of finance **shall direct the corporation counsel to prepare and cause to be entered an order discontinuing the in rem foreclosure action as to said property, canceling the notice of pendency of such action as to said property and vacating and setting aside said final judgment**. The entry of such order shall restore all parties, including owners, mortgagees and any and all lienors, receivers and administrators and encumbrancers, to the status they held immediately before such final judgment was entered." [Emphasis added]

17. The Judgment of Foreclosure was entered on December 1, 2017 and therefore the deadline to convey title of the Villa Ave Property to the City or to a third party expired on August 1, 2018. Upon expiration of the eight month time period following entry of the Judgment of Foreclosure, the commissioner of finance was required, pursuant to Section 11.412.1(i) of the Administrative Code, to prepare and cause to be entered an order discontinuing the in rem foreclosure action as to the Villa Ave Property, canceling the notice of pendency, and vacating and setting aside the final judgment. The last Ordered paragraph of the Judgment of Foreclosure also provides that commissioner of finance is required to direct corporation counsel to submit an order discontinuing the in rem foreclosure procedure and to vacate and set aside the judgment as to those parcels that aren't transferred within eight months of the Judgment (plus 45 days). **See Ex. C**

18. "The entry of such order shall restore all parties, including owners, mortgagees and any and all lienors, receivers and administrators and encumbrancers, to the status they held immediately before such final judgment was entered." *See* Administrative Code § 11-412-1(i); *see*

5

*also* Paragraph 9 of the Affidavit of Maria Torres-Springer, Commissioner of the Housing Preservation and Development submitted in the in-rem tax foreclosure action.

19. Prior to filing this bankruptcy petition the Debtor arranged for approval of financing in an amount sufficient to cure the tax delinquencies. For reasons unknown the City refused to allow the Debtor to repay the past due taxes. *See* **Pre-Petition Correspondence attached as Ex. E.**

20. The Debtor thereafter timely filed a notice of appeal, the Debtor intends to perfect its appeal.

21. Pursuant to the *in-rem* tax foreclosure procedures utilized by the Defendants, there is no auction sale of the properties, instead properties are transferred pursuant to the third-party transfer program under which the delinquent property taxes are forgiven. Properties foreclosed upon in the *in-rem* tax foreclosure program are not transferred pursuant to a competitive bidding process but instead the City receives nominal consideration for transfer of the properties.

22. The Villa Ave Property is the Debtor's primary asset. Pursuant to an appraisal obtained by the Debtor, the Villa Ave Property has a value in excess of $5,000,000.

23. The Defendants failed to provide Plaintiff with notice of the *in-rem* tax foreclosure of the Villa Ave Property in violation of constitutional due process rights of Plaintiff and its shareholders.

24. The *in-rem* notice statutes utilized by the in its modified in rem tax foreclosure process violates the due process clause of the U.S. Constitution and are therefore unconstitutional as written.

25. The *in-rem* tax foreclosure process utilized by the Defendants does not provide for any compensation to be paid to property owners of properties foreclosed upon.

26. The modified *in-rem* tax foreclosure statutes utilized by the City to foreclose on the Villa Ave Property constitutes an unconstitutional taking of property without just compensation and is therefore unconstitutional as written.

27. Plaintiff obtained title to the Villa Ave Property by Deed dated April 15, 1993. The *in-rem* tax foreclosure process utilized by Defendants in foreclosing upon the Villa Ave Property owned by the Plaintiff is based upon statutory procedures enacted by the City in 1996. The *in-rem* tax foreclosure statutes utilized by the City were applied retroactively and interfere with the contract between the Plaintiff and the City in violation of the contract clause set forth in Article 1, Section 10 of the U.S. Constitution.

28. The modified in rem tax foreclosure procedures utilized by the City are therefore unconstitutional as applied to property owners, such as the Debtor, who owned property prior to enactment of the modified in rem tax foreclosure procedures.

## AS AND FOR THE FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

29. Plaintiff repeats and realleges paragraphs above as if fully set forth herein.

30. Debtor is the owner of the Villa Ave Property pursuant to Deed dated April 15, 1993.

31. The Deed contains certain restrictions on sale or transfers of the Property without written approval of the New York City Department of Housing Preservation and Development for a period of twenty-five (25) years. The Deed is dated April 15, 1993 and the restrictions set forth in the Deed therefore expired on or about April 15, 2018. **A true and correct copy of the Deed is attached as Ex. A.**

32. Subsection AA of Section 1 of the Security Agreement between the Debtor and the Defendants dated April 15, 1993, provides that the Security Agreement shall terminate upon

7

twenty-five (25) years from the date of the agreement. The Security Agreement is dated April 15, 1993 and the Security Agreement therefore terminated on or about April 15, 2018. **A true and correct copy of the security agreement is attached as Ex. B.**

33. Defendants commenced an *in-rem* tax foreclosure action against the Villa Ave Property in Bronx County Supreme Court, Index No. 40000/2015.

34. A default judgment was entered against the Debtor in the *in-rem* tax foreclosure action on December 1, 2017. Notwithstanding the Foreclosure Judgment, the Villa Ave Property was not thereafter transferred.

35. The Judgment entered on December 1, 2017 in the *in rem* tax foreclosure action provides that "unless and until the Commissioner of Finance executes a deed conveying parcels of real property pursuant to Administrative Code § 11-412 to the City of New York or, for class one and class two properties, pursuant to §§ 11-412.1 and 11-412.2 to the City of New York or to a third party deemed qualified and designated by the Commissioner of Housing Preservation and Development, the owners of such lands shall continue to have all of the rights . . . of an owner . . ." **A true and correct copy of the December 1, 2017 Judgment and Order attached as Ex. C**. The above provision which is set forth in the December 1, 2017 Judgment is also set forth in Sections 11-412.1(c) and 11-412(d) of the Administrative Code.

36. Administrative Code § 11-412.1(i) provides as follows:

> "If the commissioner of finance does not execute a deed conveying to the city or to a third party a parcel of class one or class two real property **within eight months after the entry of final judgment** authorizing the award of possession of such parcel pursuant to subdivision b of this section, the commissioner of finance **shall direct the corporation counsel to prepare and cause to be entered an order discontinuing the in rem foreclosure action as to said property, canceling the notice of pendency of such action as to said property and vacating and setting aside said final judgment**. The entry of such order shall restore all parties, including

8

owners, mortgagees and any and all lienors, receivers and administrators and encumbrancers, to the status they held immediately before such final judgment was entered." [Emphasis added]

37. More than eight months have passed since the entry of judgment in the in rem tax foreclosure action against the Villa Ave Property, as such, pursuant to Administrative Code § 11-412-1(i) the Defendants are required to discontinue the *in rem* foreclosure action as to the Villa Ave Property, cancel the notice of pendency of such action as to the Villa Ave Property and to vacate and set aside the final judgment.

38. Pursuant to 11 U.S.C. § 541(a), 362(a), NY RPAPL 15, and Fed. R. Bankr. P. 7001, Plaintiff seeks a declaratory judgment and order determining that:

(A) Debtor is the owner of the Villa Ave Property and that pursuant to 541 of the Bankruptcy Code the Villa Ave Building constitutes property of the bankruptcy estate;

(B) that the bankruptcy stay set forth in Section 362(a) of the Bankruptcy Code applies to prevent the Defendants from transferring or otherwise interfering with Plaintiff's rights and use of the Villa Ave Property;

(C) that more than twenty-five (25) years have passed from the date of the Deed and therefore that the restrictions set forth in the Deed no longer apply; and

(D) directing the Defendants to prepare and cause to be entered an order discontinuing the *in rem* foreclosure action as to said property, canceling the notice of pendency of such action as to said property and vacating and setting aside said final judgment as required by Administrative Code § 11-412-1(i).

## AS AND FOR THE SECOND CAUSE OF ACTION
## FRAUDULENT TRANSFER

39. Plaintiff repeats and realleges each of the paragraphs above as if fully set forth herein.

40. Plaintiff is currently and has at all times relevant been the owner of the Villa Ave Property.

41. On July 23, 2019, Plaintiff filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code.

42. Plaintiff denies that the Judgment entered on December 1, 2017 in the state court in rem tax foreclosure action resulted in a transfer of the Villa Ave Property and Plaintiff further denies that any transfer of the Villa Ave Property occurred after the December 1, 2017 Judgment of Foreclosure.

43. Defendants appear to acknowledge that no transfer of the Villa Ave Property has occurred.

44. Despite acknowledging that no transfer of the Villa Ave Property has occurred, the Defendants have also made the argument in this case that the Villa Ave Property is not property of the bankruptcy estate. *See Motion of the City of New York for an order vacating or declaring the automatic stay inapplicable.*

45. To the extent the Court determines that the December 1, 2017 Judgment in the in rem tax foreclosure action resulted in title or ownership to the Villa Ave Property being transferred or that ownership of the Villa Ave Property was otherwise transferred prior to the filing of the bankruptcy petition, Plaintiff seeks to set aside any such transfer of the Villa Ave Property as a fraudulent conveyance pursuant to Sections 548 and 550 of the Bankruptcy Code.

46. To the extent the Court determines that a transfer of the Villa Ave Property occurred, any such transfer could not have occurred any earlier than the December 1, 2017 entry of Judgment in the *in rem* tax foreclosure action and therefore any transfer of the Property occurred within two (2) years of the July 23, 2019 bankruptcy filing.

47. As set forth in Paragraph 20 of the City of New York's Motion and Memorandum of Law[2] filed in the Debtor's bankruptcy case "there is no auction sale of the properties in the modified in rem tax foreclosures under Admin. Code Section 11-412.1 [and] the tax liens and charges are eliminated upon transfer to the qualified third-party transferee." As such any transfer of the Villa Ave Property was necessarily a transfer for less than the reasonable equivalent value of the Villa Ave Property.

48. The Villa Ave Property is the Plaintiff's primary asset with a value of more than five-million dollars ($5,000,000).

49. To the extent the Court determines that a transfer of the Villa Ave Property occurred, the transfer rendered the Debtor insolvent or occurred when the Debtor was insolvent.

50. To the extent the Court determines that a transfer of the Villa Ave Property occurred, the Debtor seeks to avoid any such transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

51. Plaintiff therefore seeks an order pursuant to Sections 548 and 550 of the Bankruptcy Code setting aside any purported transfer of the Villa Ave Property.

### AS AND FOR THE THIRD CAUSE OF ACTION
### THE *IN-REM* TAX FORECLOSURE ACTION AGAINST THE VILLA AVE PROPERTY VIOLATED THE PLAINTIFF'S CONSTITUTIONAL DUE PROCESS RIGHTS, CONSTITUTES AN UNCONSTITUTIONAL TAKING, AND <u>VIOLATES THE CONTRACT CLAUSE OF THE CONSTITUTION</u>

---

[2] seeking an order vacating or declaring the automatic stay inapplicable or dismissing the Chapter 11 case.

52. Plaintiff repeats and realleges each of the paragraphs above as if fully set forth herein.

53. On or about April 15, 1993 Plaintiff entered into a Deed and Security Agreement with the City pursuant to which Plaintiff purchased the Villa Ave Property.

54. Section 10(A)(2) of the Security Agreement provides in part:

"Prior to commencing any foreclosure proceeding, the City shall (i) send written Notice of default to all tenant-shareholders of the HDFC listed in the last previous Audit or on any subsequent list duly prepared and submitted by the HDFC to HPD, and (ii) shall allow such Tenant-Shareholders thirty (30) days to cure said default or to submit to the City a written plan for cure…."

55. Section 12 of the Security Agreement provides in part:

"Any Notices required or permitted to be given pursuant to this Security Agreement, unless otherwise specifically provided in this Security Agreement, shall be in writing and shall be delivered personally or given by regular, certified, or registered mail…."

56. Defendants commenced an *in-rem* foreclosure proceeding against the Villa Ave Property owned by the Plaintiff pursuant to Chapter 4 of the New York City Administrative Code as amended by local law 37 of 1996 and Title 28, Chapter 8 of the Rules of the City of New York. <u>See Paragraph 2 of the Affidavit of Maria Torres-Springer, Commissioner of the Housing Preservation and Development submitted in the *in-rem* tax foreclosure action.</u>

57. The procedures utilized by Defendants to foreclose on the Villa Ave Property owned by the Plaintiff were modified procedures enacted by New York City legislature in 1996 and 1997. <u>See Paragraph 3 of the Affidavit of Maria Torres-Springer, Commissioner of the Housing Preservation and Development submitted in the *in-rem* tax foreclosure action.</u>

58. The Debtor's shareholders have spent significant amounts of their owns money and time to renovate the units and the Villa Ave Property in general, greatly increasing the value of the Villa Ave Property. The value of the Villa Ave Property is now worth in excess of $5,000,000.

59. The *in-rem* tax foreclosure procedures utilized by the City to foreclose of the Villa Ave Property do not provide for an auction process and instead involves transfer of the Villa Ave Property for nominal, if any, payment. As a result, the *in-rem* foreclosure procedures constitute the unlawful taking of private property without just compensation in violation of the fifth amendment of the United States Constitution and in violation of Article 1, Section 7(a) of the New York State Constitution.

60. Furthermore, Debtor obtained title to the Villa Ave Property on or about April 15, 1993. The *in-rem* foreclosure procedures utilized and third-party transfer program, were enacted by the Defendants in 1996 and 1997, well after the parties entered into contract pursuant to which Plaintiff purchased the Villa Ave Property.

61. The *in-rem* tax foreclosure procedures utilized by the Defendants altered Plaintiff's contractual rights by depriving Plaintiff of agreed upon notice rights and by altering the tax foreclosure process from an auction sale process to a procedure where the Villa Ave Property was transferred for no compensation and therefore violates the contract clause set forth in Article 1 Section 10 of the U.S. Constitution.

62. For the reasons set forth above the Court should deem the modified *in-rem* tax foreclosure procedures utilized by the City to be unconstitutional.

**WHEREFORE**, Plaintiff requests that the bankruptcy court enter an order and declaratory judgment:

<u>AS TO THE FIRST CAUSE OF ACTION</u>

A. declaring the Debtor the owner of the Villa Ave Property and that pursuant to 541 of the Bankruptcy Code the Villa Ave Building constitutes property of the bankruptcy estate;

B. that the automatic stay under Section 362(a) of the Bankruptcy Code bars the Defendants from transferring or otherwise interfering with Plaintiff's rights and use of the Villa Ave Property;

C. that the restrictions set forth in the Deed and Security Agreement have expired because more than twenty-five (25) years have passed from the date of the Deed; and

D. directing the Defendants to prepare and cause to be entered an order discontinuing the *in-rem* foreclosure action as to the Villa Ave Property; canceling the notice of pendency; and vacating and setting aside said final judgment as required by Administrative Code § 11-412-1(i).

## AS TO THE SECOND CAUSE OF ACTION

A. Voiding and setting aside any and all purported transfers of the Villa Ave Property pursuant to Sections 548 and 550 as a fraudulent transfer.

## AS TO THE THIRD CAUSE OF ACTION

A. Declaring the *in-rem* tax foreclosure procedures utilized by the Defendants to be a violation of the U.S. and New York Constitutions.

Dated: New York, NY
October 28, 2019

Respectfully submitted,

*/s/ Charles A. Higgs*
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Attorney for the Debtor
450 Lexington Ave, FL 4
New York, NY 10017
(917) 673-3768
Charles@FreshStartEsq.com