Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-12359-jlg

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    3175-77 VILLA AVENUE HOUSING DEVELOPTMENT FUND CORP

8

9          Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11               United States Bankruptcy Court

12               One Bowling Green

13               New York, NY  10004

14

15               January 29, 2021

16               5:05 PM

17

18

19

20

21   B E F O R E :

22   HON JAMES L. GARRITY, JR.

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  UNKNOWN

1    HEARING re 1) Case Conference

2    (Doc #11)

3

4    Status Report Filed by Charles A Higgs on behalf of 3175-77

5    Villa Avenue Housing Development Fund Corporation

6    (Doc #39)

7

8    Status

9    (Doc #72)

10

11   continued from 10/3/2019

12   continued from 1/16/2020

13   continued from 1/28/2020

14   adj from 2/19/2020

15   adj from 3/10/2020

16   adj from 3/25/2020

17   adj from 5/14/2020

18   adj from 7/8/2020

19   adj from 8/12/2020

20   adj from 9/3/2020

21   adj from 10/28/2020

22   adj from 12/8/2020

23   continued from 1/ 2 l /2021

24

25

Page 3

1    HEARING re 2) Motion for Reargument FRCP 59 and FRCP 60

2    (Doc #43)

3

4    Opposition The City of New York's Opposition to Debtor's

5    Motion for Reconsideration of the Court's Lift Stay Order

6    (Doc #45)

7

8    adj from 3/10/2020

9    adj from 3/25/2020

10   adj from 5/14/2020

11   adj from 7/8/2020

12   adj from 8/12/2020

13   adj from 9/3/2020

14   adj from 10/28/2020

15   adj from 12/8/2020

16   continued from l /21 /21

17   adj from 1/28/2021

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 4

1    A P P E A R A N C E S :

2

3    LAW OFFICES OF CHARLES A. HIGGS

4        Attorneys for 3157-77 Villa Avenue Housing Development

5        Fund Corp.

6        44 South Broadway, Suite 100

7        White Plains, NY 10601

8

9    BY:  CHARLES A. HIGGS (TELEPHONICALLY)

10

11   NEW YORK CITY LAW DEPARTMENT

12       Attorneys for the City of New York

13       100 Church Street, 5th Floor

14       New York, NY 10007

15

16   BY:  GABRIELA CACUCI (TELEPHONICALLY)

17

18

19

20

21

22

23

24

25

Page 5

```
1                   P R O C E E D I N G S

2                   P R O C E E D I N G S

3            THE COURT:  All right.  Good afternoon.  This is

4      Judge Garrity.  The matter we have on the --

5            MS. CACUCI:  Good afternoon Your Honor.

6            THE COURT:  Good afternoon.  The matter we have on

7      is the 3175-77 Villa Avenue Housing Development Fund

8      Corporation, Case Number 19-12359.  In particular, this is

9      the continued hearing on the request that the Court

10     reconsider -- excuse me -- reconsider and order that it

11     enter in connection with a motion for stay relief.

12            I've had an opportunity to review the motion, the

13     response, the reply, and the letter, and that the city sent

14     last week or maybe earlier this week.  I can't remember.  In

15     any event, I consider all those matters -- I've reviewed all

16     of those matters and consider them all to be part of the

17     record of this hearing.  And I'm now going to make a ruling

18     on the request.

19            3175-77 Villa Avenue Development Fund Corporation

20     is the Debtor and is a housing development fund corporation

21     organized under Article 11 of the Private Housing Finance

22     Law exclusively for the purpose of developing a housing

23     project for low-income individuals.  Its sole asset is a

24     five-story building consisting of 51 affordable housing

25     rental units for income-qualified individuals.  I'll refer
```

Page 6

1    to that as "the Property."

2              The Debtor took ownership of the Property on or

3    about April 15, 1993 when the New York City, which I'll

4    refer to as "the City," transferred the Property to the

5    Debtor by deed dated August 15, 1993, pursuant to the

6    provisions of Section 576 of the Private Housing Finance

7    Law.

8              On June 7, 2015, the City commenced an in-rem

9    foreclosure action against multiple properties in the Bronx,

10   including the Property.  In that foreclosure action, the

11   City sought to foreclose tax liens against the Property

12   arising as a result of the Debtor's delinquent real estate

13   taxes and other charges dating back to 2000 and totaling

14   just under $1.6 million.

15             On December 1st, 2017, a default judgment of

16   foreclosure dated November 16, 2017 was entered against the

17   Debtor -- that's the Judgment of Foreclosure -- after the

18   Debtor failed to appear in the foreclosure action.  After

19   the four-month period within which the Debtor had the right

20   to redeem the Property expired, the City sought to transfer

21   the property from the Debtor to a third-party as part of the

22   City's third-party transfer program.

23             Very briefly, the third-party transfer program is

24   intended to remedy the problem of tax-delinquent distressed

25   residential properties in New York City.  The policy and

Page 7

1   goal of the legislation is to encourage prompt payment of

2   tax arrears and, if the arrears are not paid, to quickly

3   transfer those buildings to new owners who have the

4   expertise to address the problems and complete prompt

5   rehabilitation.

6           Proposed third-party transferees under the program

7   must be qualified under criteria and processes established

8   by the New York City Department of Housing Preservation and

9   Development, or the HPD.  The HPD selects new owners or

10  developers through a "request for qualifications" process.

11  The proposed new owners must demonstrate that they have,

12  among other things, qualifications, experience in management

13  and rehabilitation of occupied residential property,

14  financial ability, and the capability of carrying out the

15  necessary (indiscernible).

16          Upon the transfer of the building, the tax liens

17  and charges are eliminated upon the transfer to a qualified

18  third party.  Notably, owners, mortgagees, and other

19  interested parties retain the right to redeem properties

20  only during the first four months after final judgment of

21  foreclosure is entered.  City Administrative Code Section

22  11-412.1(d).

23          However, the Administrative Code Section 11-

24  412.1(i) provides as follows:

25          "If the Commissioner of Finance does note execute

Page 8

1          a deed conveying to the City or to a third party a

2          parcel of Class 1 or Class 2 real property," --

3          which is the type of property at issue here --

4          "within eight months after the entry of a final

5          judgment authorizing the award of possession of

6          such parcel pursuant to (b) of this section, the

7          Commissioner of Finance shall direct the

8          corporation counsel to prepare and cause to be

9          entered an order discontinuing the interim

10         foreclosure action as to said property, cancelling

11         the notice of pendency of such action as to said

12         property and vacating and setting aside the final

13         judgment.

14         "The entry of such an order shall restore all

15         parties including owners, mortgagees, and any and

16         all lienors, receivers, and administrators and

17         encumbrancers to the status they held immediately

18         before the final judgment was entered."

19         On August the 23rd, 2018, the Debtor moved to

20   vacate the Judgment of Foreclosure impending resolution of

21   the motion, obtained a stay of the judgment from the New

22   York State Supreme Court New York County, which I'll refer

23   to as "the Trial Court."  On May 28th, 2019, the Trial Court

24   issued a decision and order denying the motion to vacate the

25   Judgment of Foreclosure.  On July 9, 2019, the Trial Court

Page 9

1    entered a decision and order denying the motion to vacate

2    the Judgment of Foreclosure.

3              On July 23rd, 2019, the Debtor commenced this

4    Chapter 11 case.  On July 29, 2019, the Debtor filed a

5    timely notice of appeal of the Trial Court's decision and

6    order and timely perfected the appeal.  On December 29,

7    2020, the Appellate Division First Department affirmed the

8    Trial Court's decision denying the Debtor's motion to vacate

9    the Judgment of Foreclosure.

10             On January 5th, 2021, the City served notice of

11   entry of the Appellate Division's decision.  The Debtor

12   advises that it will seek leave to appeal that decision to

13   the New York State Court of Appeals.  In its decision, the

14   Appellate Division ruled that orders of the Supreme Court,

15   of the Trial Court entered on or about May 24 and May 28,

16   2019, which denied the Appellant's motions to vacate the

17   judgments in-rem foreclosures granted by default and the

18   deeds transferring the properties, unanimously affirmed that

19   judgment without cost.

20             Briefly, the court reasoned as follows.  The

21   judgments of foreclosure against the properties were duly

22   entered in the office of the county clerk after publication

23   of notices that complied with the applicable law, as well as

24   due process.  The court found that, accordingly, the

25   presumption of regularity of those foreclosure proceedings

Page 10

1    became conclusive four months after the entries of the

2    judgment of foreclosure.  And as the Appellant did not make

3    their motion to vacate the judgments or take any actions to

4    redeem the subject properties within the four-month period,

5    the motions to vacate were time-barred.

6           In addition, the court found that there was

7    inadequate support in the record for the Appellant's claims

8    that the City engaged in misconduct in connection with the

9    foreclosures and property transfers under the City's third-

10   party transfer program.  Accordingly, the appellate court

11   rejected the Appellant's claim that the City should be

12   equitably estopped from claiming that the redemption period

13   expired.  The court also found that were it to consider the

14   Appellant's time-barred and unpreserved arguments, they

15   would them unavailing.

16           As I noted that on July 23, 2019, the Debtor filed

17   the petition, the voluntary petition, under Chapter 11 of

18   the Bankruptcy Code in this Court.  On October 16, 2019, the

19   City filed a motion seeking any alternative, either relief

20   from the automatic stay or dismissal of the case for cause

21   including bad faith under Sections 305 and 1112(b) of the

22   Bankruptcy Code -- I'll refer to that motion as "the

23   Alternative Relief Motion."

24           In support of the stay request -- the stay relief

25   requested in the alternative-relief motion, the City argued

Page 11

1    that the Property was not property of the estate under

2    Section 541(a)(1) of the Bankruptcy Code and, therefore, not

3    subject to the automatic stay because the Debtor's mandatory

4    redemption period under New York City Administrative Code

5    Section 11-412.1(d) had expired and absent a right of

6    redemption, the City -- the Debtor's contingent ownership

7    rights were insufficient to trigger the automatic stay.

8            The City also argued that even if the automatic

9    stay applied to the Debtor's interest in the property, there

10   was cause under Section 362(d)(1) to lift the stay so as to

11   allow the City to transfer the Property pursuant to the

12   third-party transfer program as the Debtor's right to redeem

13   had expired.

14           On November 29, 2020, the City -- the Debtor

15   responded to the Alternative Relief Motion.  I'll refer to

16   that as "the Response."  In opposing the stay relief

17   request, the Debtor contended under both the statutory

18   provisions of the New York City Administrative Code Section

19   11-412.1 and the Judgment of Foreclosure, it remains the

20   owner of the Property until the City transfers the deed of

21   the property.

22           Pursuant to Administrative Code Section 11-

23   412.1(i), it retained a contingent ownership interest in the

24   Property because if the City does not transfer the deed

25   within eight months of the entry of the Judgment of

Page 12

1    Foreclosure, the Commissioner of Finance "shall direct the

2    corporation counsel to prepare and cause to be entered an

3    order discontinuing the in-rem foreclosure action as to said

4    property, cancelling any notice of pendency of such action

5    as to said property and vacating and setting aside said

6    final judgment."  That's all from the Response at page 4.

7              On December 4, 2019, the Court commenced a hearing

8    on the stay relief request.  At the hearing, the Court

9    continued the matter at the City's request to January 16,

10   2020 and granted leave for the city to file a reply to the

11   response and the Debtor to file a surreply for the limited

12   purpose of addressing the issue of whether the Property

13   became property of the Debtor's estate under Section 541(a)

14   of the Bankruptcy Code.  The Court entered a minute order to

15   that effect.

16             On December 16, 2019, the City replied to the

17   response to the stay relief request.  I'll refer to that as

18   the "Reply."  In substance, the City argued that the

19   Property did not become property of the estate because under

20   New York City Administrative Code Section 11-412.1(b), the

21   Debtor's statutory period to redeem the Property had expired

22   pre-petition and the City's period to transfer the deed

23   under the Administrative Code Section 11-412.1(e) had not

24   expired pre-petition.

25             On January 2, 2020, the Debtor filed its surreply

Page 13

1    in opposition to the stay relief request.  The Debtor argued

2    that depending on the date that the state court's stay

3    terminated, the City's time to transfer the deed under

4    Section 11-412.1 had either already expired or the City had

5    nine days remaining to transfer the deed.

6           Additionally, the Debtor argued that if the Court

7    were to adopt the City's position that the Property is not

8    property of the estate under Section 541(a), then their time

9    to transfer the deed under the in-rem foreclosure statute

10   had long since expired and the City was under no -- and the

11   City is under an obligation to vacate the Judgment of

12   Foreclosure pursuant to Section 11-412.1(i).

13          On January 16, 2020, at the continued hearing on

14   the stay relief request, the Court determined that the

15   Debtor's contingent right under Section 11-412.1(i) to be

16   restored to full ownership of the Property should the City

17   fail to timely transfer the deed constituted estate property

18   under Section 541(a) of the Bankruptcy Code that was subject

19   to the stay.  However, before ruling on the stay relief

20   request, the Court adjourned the matter to January 28, 2020

21   to permit the parties to file supplemental briefing on the

22   City's request in the stay relief motion to extend the

23   City's time to transfer the deed to 30 days after entry of

24   the order for relief from stay if such order was entered.

25          On January 22, 2020, the Debtor filed its

1   supplemental memorandum of law addressing the Section 108

2   issues raised by the City.  In substance, the Debtor argued

3   that the time that the City has to transfer the deed after

4   the judgment of foreclosure is not a statute of limitations

5   period.  The City's failure to timely transfer the deed will

6   not result in the City losing its tax lien, and the City

7   would not otherwise be prevented from commencing a future

8   in-rem foreclosure proceeding against the Property should

9   their time to transfer be deemed expired.

10          On January 23, the City filed a memorandum of law

11   regarding the applicability of Section 108 in this matter.

12   In substance, the City argued that the plain language of

13   Section 108(c) is not limited to statutes of limitations but

14   also to the continuous -- continuation, excuse me, of civil

15   actions such an in-rem foreclosure proceeding.  The City

16   noted that in the Trial Court's May 28, 2019 decision and

17   order which was entered on July 9, 2019, which terminated

18   the state court's order and allowed the City to continue its

19   civil action in enforcing its in-rem foreclosure judgment,

20   is something to which Section 108(c) applies.

21          On January 28, 2020, the Court held its adjourned

22   hearing on the stay relief request.  On the record of that

23   hearing, the Court determined that the Property was property

24   of the bankruptcy estate but also that the Debtor had

25   established cause under Section 362(d)(1) for relief from

Page 15

1    the automatic stay so as to enforce its rights under the

2    Judgement of Foreclosure against the Property.  The Court

3    further granted the City's request under Section 108(c) to

4    extend the time period for the City to commence the in-rem

5    foreclosure to 30 days after expiration of the automatic

6    stay.

7               On February 12, 2020, the Court entered the stay

8    relief order.  To decretal paragraphs of that order are

9    relevant to this matter.  In those decretal paragraphs, the

10   Court further ordered that the automatic stay be and hereby

11   is lifted and the City is hereby authorized to transfer the

12   deed of the Property to a third party and that the period

13   under non-bankruptcy law within which the City is authorized

14   to transfer the deed is hereby extended pursuant to 11

15   U.S.C. Section 108(c) to up to 30 days from the entry of an

16   order on the Court's docket.  See the stay relief order at 1

17   to 2.

18              On February 25, 2020, the Debtor filed this motion

19   for reconsideration.  And as I said, the parties have fully

20   briefed the matter.  The motion for reconsideration invokes

21   Rules 59 and 60 of the Federal Rules of Civil Procedure and

22   the corresponding federal bankruptcy rules.  They also

23   invoke -- as such, they also invoke Local Bankruptcy Rule

24   9023-1.

25              Federal Rule of Civil Procedure 660 is made

Page 16

1    applicable herein pursuant to Bankruptcy Rule 9024.  As

2    applicable, Rule 60(b) states that: "On notice and just

3    terms, the court may relieve a party or its legal

4    representative from a final judgment order or proceeding for

5    one mistake, inadvertent surprise, or excusable neglect.

6    See Federal Rule of Civil Procedure 60(b)(1).

7          The Second Circuit's view is that if a Court has

8    made a mistake of law or fact, it may make food sense to

9    permit the Court to correct the error and, thereby, avert

10   the need for an appeal.  See In re Old Carco, LLC, 423 B.R.

11   40,46 (Bankr. S.D.N.Y. 2010).  See also In re 310

12   Associates, 346 F.3d 31,34-35 (2d Cir. 2003), noting that

13   the Rule 60(b) is available to correct a mistake -- to a

14   court to correct the mistake of law or fact.

15         Rule 59(e) of the Federal Rules of Civil Procedure

16   applies to motions to alter or amend the judgment.  Rule 59

17   is made applicable herein by Bankruptcy Rule 9023.  It

18   states that except as provided in this rule and Rule 3008,

19   Rule 59 of the Federal Rules of Civil Procedure applies in

20   cases under the Code.  A motion, pardon me, for a new trial

21   or to alter or amend a judgment shall be filed when a court

22   may on its own order a new trial no later than 14 days after

23   the entry of judgment.  In some circumstances, Rule 8008

24   governs post-judgment motion practice after an appeal has

25   been docketed and is pending.

1        Local Bankruptcy Rule 9023-1(a) governs motions

2   for re-argument or reconsideration.  It states that a motion

3   for re-argument order determining a motion must be served

4   within 14 days after the entry of the court's order

5   determining the original motion or in a case of a court

6   order resulting in a judgment within 14 days after the entry

7   of the judgment and, unless the court orders otherwise,

8   shall be made returnable within the same amount of time as

9   required for the original motion.

10        The motion shall set forth precisely the matters

11   or controlling decisions which counsel believes the court

12   has not considered.  No oral argument shall be heard unless

13   the court grants the motion and specifically orders that the

14   matter be reargued orally.

15        Here, the Court entered the stay relief order on

16   February 12, 2020.  The Debtor filed its request for re-

17   argument on February 25, 2020.  As such, the Court

18   understands that the Debtor has timely sought the relief at

19   issue it's seeking in this matter.

20        Local Bankruptcy Rule 9023-1(a) imposes the same

21   standards as motions to alter or amend judgments under Rule

22   59(e).  See In re Best Payphones, Inc., 2016 WL 164900, at

23   *8 (Bankr. S.D.N.Y. 2016).

24        See also Greenwald v. Orb Communications &

25   Marketing, Inc., 2003 WL 660844 at *1 (S.D.N.Y. Feb. 27,

Page 18

1    2003) where the court noted that standards governing motions

2    to alter or amend judgments pursuant to Rule 59(e) and

3    motions for reconsideration or re-argument pursuant to Local

4    District Court Rule 6.3 are the same.

5             A court's consideration of a previous order "is an

6    extraordinary remedy to be employed sparingly in the

7    interest of finality and conservation of scarce judicial

8    resources."   In re Health Management Services, Inc.

9    Securities Litigation, 113 F.Supp.2d 613,614 (S.D.N.Y.

10   1996).

11            In moving for reconsideration, the moving party

12   "must demonstrate that the court overlooked controlling

13   decisions of factual matters that were put before it on the

14   underlying motion."   Eisemann v. Greene, 204 F.3d 393,395

15   n.2 (2d Cir. 2000) citation omitted.

16            See also In re Asia Global Crossing Limited, 332

17   B.R. 520,524 (Bankr. S.D.N.Y. 2005) where the court noted

18   that to succeed on a motion to reconsider, "the movant must

19   show that the court overlooked controlling decisions or

20   factual matters that might materially have influenced its

21   earlier decision."

22            See In re Handler, 324 B.R. 194,196 (Bankr.

23   E.D.N.Y. 2005), "In order to be successful, a motion to

24   alter or amend a judgment must show that the court

25   overlooked matters or controlling decisions which had they

Page 19

1    been considered might reasonably have altered the result

2    reached by the court."  Internal quotation marks omitted,

3    and in that the court cited to several cases in support of

4    that quotation.

5            The moving party may not advance new facts,

6    issues, or arguments not previously presented to the court.

7    Geneva Pharmacy Technological Corp v. Barr Labs, Inc., 2002

8    WL 133881*1 (S.D.N.Y. August 21, 2002), citation omitted.

9            See also In re Handler, 324 B.R. 196, "such a

10   motion may not be used to relitigate matters previously

11   determined or to raise a new legal theory or to present

12   evidence that could have been presented prior to the entry

13   of the judgment."

14           In the motion, the Debtor seeks reconsideration of

15   the stay relief order pursuant to Bankruptcy Rule 9023 and

16   Federal Rule 59 and reconsideration or vacating the stay

17   relief order pursuant to Bankruptcy Rule 9024 and Federal

18   Rule 60(b).  Clarification of the stay relief order to

19   reflect the date the automatic stay terminated as to the

20   City and for determination that pursuant to this Section

21   362(e)(1) of the Bankruptcy Code as to the City of New York,

22   the automatic stay terminated automatically by operation of

23   law 30 days after October 16th, 2019, which is the date that

24   the Debtor filed the stay relief motion.

25           The Debtor seeks two forms of relief, and the

1    first form of relief as noted, the decretal paragraphs, in

2    the decretal paragraphs, the Court further ordered that the

3    automatic stay be and hereby is lifted and the City is

4    hereby authorized to transfer the deed to the Property to a

5    third party and that the period under the non-bankruptcy law

6    within which the City is authorized to transfer the deed is

7    hereby extended pursuant to 11 U.S.C. Section 108(c) to up

8    to 30 days from the entry of the order on the Court's

9    docket.

10          The Debtor requests reconsideration of the stay

11   relief order and that the stay relief order be amended or

12   vacated to remove those decretal paragraphs.  The Debtor

13   says that the language in the order is improper because the

14   language makes a legal determination as to the right and

15   time with which the City had to transfer the property.  IT

16   maintains that a motion for relief is a summary proceeding

17   and, therefore, the order should have only granted or denied

18   stay relief motion filed by the City.

19          The Court finds no merit in those contentions.  In

20   the stay relief motion, the City sought relief from the stay

21   so that it could transfer the deed to the property and

22   complete the foreclosure action.  Moreover, the City

23   asserted that if the stay is lifted, Section 108(c) applies

24   to extend the City's time to transfer the deed to the Villa

25   Property until the later of, one, the end of such period

1    including any suspension of such period occurring on or

2    after the commencement of the case, namely, 13 days or; two,

3    30 days after notice of determination or expiration of the

4    stay under Section 362.

5            The City contended that under the plain language

6    of Section 108(c)(2), it would have 30 days after it

7    receives notice of the stay termination to transfer the deed

8    to the Villa Property to the City or a third party selected

9    by HPD conveying full and complete title to the Villa

10   Property under Administration Code Section 11-412.1(b).  The

11   Debtor did not challenge the timing of the request or

12   contend that it was improper for the Court to consider such

13   a request in the context of a stay hearing.

14           Indeed, the Debtor briefed the issue in opposing

15   the relief.  The Court does not -- the Debtor does not

16   demonstrate that in resolving the issue of application of

17   Section 108(c) the Court overlooked controlling decisions or

18   factual matters that were put before it on the underlying

19   motion.  Rather, the Debtor is advancing legal arguments not

20   previously presented to the Court.  There's no basis --

21   there was no basis not to resolve the matter.

22           The Court denies the Debtor's request for the

23   first form of relief in the motion.

24           The second form of relief that the Debtor is

25   seeking is to clarify the date that the automatic stay

Page 22

1    terminated and a determination as to whether Section 362(e)

2    of the Bankruptcy Code, whether with that, the automatic

3    stay terminated by operation of law 30 days after the stay

4    relief motion was filed by the City.

5              In relevant part, Section 362(e) of the Bankruptcy

6    Code states as follows:

7              "Thirty days after the request under (d) of this

8              section for relief from the stay of any act

9              against property of the estate under (a) of this

10             section, such stay is terminated with respect to

11             the party in interest making such request unless

12             the court after notice and a hearing orders such

13             stay continued, in effect, pending the conclusion

14             of or as a result of a final hearing and

15             determination under (d) of this section."

16             See 11 U.S.C. Section 362(e)(1).  See also In re

17    Mullarkey, 536 F.3d 215,230 (3d Cir. 2008), "Section 362(e)

18    provides that a bankruptcy court must hold the preliminary

19    hearing on a motion to lift the stay within 30 days from the

20    date the motion is filed or the stay will be considered

21    lifted."

22             Briefly, in support of the second request, the

23    Debtor asserts as follows.  October 16, 2019, which is the

24    motion filing date, is the date that the Debtor filed the

25    stay relief motion.  November 15, 2019 is the day that is 30

Page 23

1    days after October 16, 2019.  December 4, 2019, which was

2    the motion initial hearing date, is the date of the initial

3    hearing on the stay relief motion.

4           The motion initial hearing date was more than 30

5    days after the motion filing date.  As a consequence,

6    pursuant to Section 362(e) of the Bankruptcy Code, the

7    automatic stay terminated as to the City 30 days after the

8    stay relief motion was filed, that is on November 15, 2019,

9    which the stay relief motion was pending, thereby, rendering

10   the stay order a nullity.

11          As of November 15, 2019, the date that is 30 days

12   after the motion filing date, the City had no more than 30

13   days to transfer the Property in compliance with the third-

14   party transfer program.  The City failed to transfer the

15   Property within this time period and, therefore, must

16   abandon any plans to transfer the Property and revert the

17   Property back to its shareholders.

18          If a determination is made that pursuant to

19   Section 362(e)(1) of the Bankruptcy Code the bankruptcy

20   estate terminated by operation of law on November 15, 2019,

21   then pursuant to Section 11-412.1(i) of the New York City

22   Administrative Code, the time for the City to transfer the

23   Property expired and the City is required to vacate the

24   Judgment of Foreclosure and dismiss the in-rem foreclosure

25   action against the Property, thereby providing the Debtor

Page 24

1    with an absolute right to pay off past due tax amounts.

2              At no time during the pendency of the stay relief

3    motion did the Debtor contend that the automatic stay

4    terminated as a matter of law on November 15, 2019 or

5    otherwise, and that under the third-party transfer program,

6    the City had no more than 30 days from that date to transfer

7    the Property to be in compliance with that program.  The

8    Debtor is barred from raising that issue now.

9              First, the case law is clear that a movant waives

10    the right to have its request for a stay determined within

11    the time periods set forth in Section 362(e) where the

12    movant's request for stay relief is pleaded in the

13    alternative or in addition to other relief requested in the

14    same motion, especially when the request for alternate

15    relief is not subject to time constraints.

16              See In re Garsal Realty, Inc., 98 B.R. 140,157 *9

17    (Bankr. N.D.N.Y. 1989), "The court takes the position that

18    the movant waives the expedited time frame provided by

19    Section 362(e) when, as here, it requests separate relief in

20    addition to relief from the automatic stay."

21              In re Alderson, 144 B.R. 332 (Bankr. W.D.La.

22    1992).  The request for relief -- a motion -- a request for

23    relief -- the movant's request for relief in addition to

24    stay relief results in a waiver of the time period set forth

25    in Section 362(e).

1          In re Small, 38 B.R. 143 (Bankr. D. Md. 1984).

2   The court noted that Section 362(e) does not apply where the

3   moving party requests adequate protection in addition to

4   relief from the automatic stay.

5          The alternative relief motion sought an order

6   either dismissing the case as having been filed in bad faith

7   or granting the City stay relief.  The request to dismiss

8   the case is not subject to time constraints.  Accordingly,

9   the Court finds that 362(e) is not applicable in this

10  matter.

11         Second, Section 362(e) of the Bankruptcy Code was

12  enacted to protect creditors.  The legislative history

13  highlights Congress's intent: "(e) provides a protection for

14  secured creditors that is not available under present law.

15  The subsection sets a time certain within which the

16  bankruptcy court must rule on the adequacy of protection

17  provided of the secured creditor's interest."

18         It's a House of Representative Report Number 95-

19  595.  95th Congress First Session 344 (1977-1978) U.S. Code

20  Congressional and Administrative New 5963-6300.

21         As the Fourth Circuit noted, "Section 362(e) was

22  enacted to prevent the practice under the old bankruptcy act

23  of injunction by a continuance."  Grundy National Bank v.

24  Virginia Bankers Association, that's In re Looney, 823 F.2d

25  788,792 (4th Cir. 1987).

1        It is well settled that a creditor can waive the

2    protections afforded by Section 362(e) either expressly or

3    implicitly.  Courts routinely find implicit waivers of the

4    protections afforded by Section 362(e) where the creditor

5    takes some action which is inherently inconsistent with

6    adherence to the time constraints of Section 362(e).

7        Accordingly, "when a creditor agrees to or fails

8    to oppose a hearing that is inconsistent with the adherence

9    to the time constraints of Section 362(e), it results in an

10   implicit waiver of the statutorily granted rights of Section

11   362(e)."  In re King, 2013 WL 5723325*4 (Bankr. S.D.Tex.

12   2013)

13       For example, in Bugg v. Gray, In re Gray, 519 B.R.

14   767,772, (BAP 8th Cir. 2014), which is a case relied on by

15   the Debtor, the court cites the cases from various

16   jurisdictions finding implicit waivers of the time

17   constraints set forth in Section 362(e) where actions are

18   taken that are inherently inconsistent with adherence to

19   such time constraints.

20       An example of those cases include: In re Ramos,

21   357 B.R. 669,663 n.2 (Bankr. S.D.Fl. 2016); Eisenburg v.

22   Exchange National Bank and Trust Company of Chicago, In re

23   Wilmette Partners, 34 B.R. 958,961 (Bankr. N.D. Ill. 1983);

24   Small v. Barkley Properties, In re Small, 34 B.R. 143,147

25   (Bankr. D.Md. 1984); In re McNeely, 51 B.R. 816,821 (Bankr.

1   D.Utah 1985); J.H. Striker and Company, Inc., v. Seaside Co,

2   Limited, In re Seaside Co, Limited, 155 B.R. 112,117

3   (E.D.Pa. 1993); and In re Aulicino, 400 B.R. 175 (Bankr.

4   E.D.Pa. 2008).

5           Here, even if the limitations under Section 363

6   were applicable, which the Court has found they are not, the

7   Debtor waived enforcement of the period by without

8   limitation, one, not raising the issue on the return date of

9   the motion; consenting to extensions of the briefing

10  schedules; and taking positions in the state court

11  litigation where it was acknowledging the existence of the

12  automatic stay.

13          Finally, under Section 105(a) of the Bankruptcy

14  Code, this Court has broad powers to administer a Chapter 11

15  case and take whatever action is appropriate or necessary in

16  aid of the exercise of its jurisdiction.  See Casse v. Key

17  Bank National Association, In re Casse, 198 F.3d 327,336

18  (2d.Cir. 1999); In re Calder, 973 F.2d 862 (10thCir. 1992).

19          The City argues that the Court issued minute

20  orders, some of which required further briefing and

21  scheduling of additional hearings extending by implication

22  the 30-day period set forth in the Local Bankruptcy Rule

23  4001-1(a).  The powers conferred by Section 105(a) are

24  unambiguously broad.

25          Even if the automatic stay terminated as of

Page 28

1    November 15, pursuant to this Court's authority under

2    Section 105 and based on the record of the lift-stay motion,

3    the Court would reimpose the stay effective November 15

4    subject to the Court's determination of the stay relief

5    request in February.

6            Based upon the foregoing, the Court respectfully

7    denies the request for re-argument, and it adheres to its

8    opinion and resolution of the stay relief motion.

9            Thank you all very much.

10           MR. HIGGS:  Thank you, Your Honor.

11           (Whereupon these proceedings were concluded at

12   5:51 PM)

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 29

1                              I N D E X

2

3                              RULINGS

4                                              Page      Line

5    Motion for Relief Denied                   21        21

6    Motion for Reargument Denied               28        6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3          I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5     # Sonya Ledanski

6     Digitally signed by Sonya Ledanski Hyde
      DN: cn=Sonya Ledanski Hyde, o, ou,
      email=digital@veritext.com, c=US

7     # Hyde
      Date: 2021.03.30 10:58:48 -04'00'

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  March 5, 2021

[& - 5/14/2020]                                                                 Page 1

**&**

**&**   17:24

**1**

**1**   2:1,23 8:2 11:2
11:10 14:25 15:16
16:6 19:8,21
22:16 23:19
**1.6**   6:14
**1/16/2020**   2:12
**1/28/2020**   2:13
**1/28/2021**   3:17
**10/28/2020**   2:21
3:14
**10/3/2019**   2:11
**100**   4:6,13
**10004**   1:13
**10007**   4:14
**105**   27:13,23 28:2
**10601**   4:7
**108**   14:1,11,13,20
15:3,15 20:7,23
21:6,17
**10thcir**   27:18
**11**   2:2 5:21 7:23
9:4 10:17 11:22
15:14 20:7 22:16
27:14
**11-412.1**   7:22
11:5,19 12:20,23
13:4,12,15 21:10
23:21
**1112**   10:21
**112,117**   27:2
**113**   18:9
**11501**   30:23
**12**   15:7 17:16
**12/8/2020**   2:22
3:15
**13**   21:2
**133881**   19:8
**14**   16:22 17:4,6
**140,157**   24:16

**143**   25:1
**143,147**   26:24
**144**   24:21
**15**   6:3,5 22:25
23:8,11,20 24:4
28:1,3
**155**   27:2
**16**   6:16 10:18 12:9
12:16 13:13 22:23
23:1
**164900**   17:22
**16th**   19:23
**175**   27:3
**19-12359**   1:3 5:8
**194,196**   18:22
**196**   19:9
**1977-1978**   25:19
**198**   27:17
**1983**   26:23
**1984**   25:1 26:25
**1985**   27:1
**1987**   25:25
**1989**   24:17
**1992**   24:22 27:18
**1993**   6:3,5 27:3
**1996**   18:10
**1999**   27:18
**1st**   6:15

**2**

**2**   2:23 3:1 8:2
12:25 15:17 21:6
**2/19/2020**   2:14
**2000**   6:13 18:15
**2002**   19:7,8
**2003**   16:12 17:25
18:1
**2005**   18:17,23
**2008**   22:17 27:4
**2010**   16:11
**2013**   26:11,12
**2014**   26:14
**2015**   6:8

**2016**   17:22,23
26:21
**2017**   6:15,16
**2018**   8:19
**2019**   8:23,25 9:3,4
9:16 10:16,18
12:7,16 14:16,17
19:23 22:23,25
23:1,1,8,11,20
24:4
**2020**   9:7 11:14
12:10,25 13:13,20
13:25 14:21 15:7
15:18 17:16,17
**2021**   1:15 2:23
9:10 30:25
**204**   18:14
**21**   3:16,16 19:8
29:5,5
**215,230**   22:17
**22**   13:25
**23**   10:16 14:10
**23rd**   8:19 9:3
**24**   9:15
**25**   15:18 17:17
**27**   17:25
**28**   9:15 13:20
14:16,21 29:6
**28th**   8:23
**29**   1:15 9:4,6
11:14
**2d**   16:12 18:15
**2d.cir.**   27:18

**3**

**3/10/2020**   2:15 3:8
**3/25/2020**   2:16 3:9
**30**   13:23 15:5,15
19:23 20:8 21:3,6
22:3,19,25 23:4,7
23:11,12 24:6
27:22
**300**   30:22

**3008**   16:18
**305**   10:21
**31,34-35**   16:12
**310**   16:11
**3157-77**   4:4
**3175-77**   1:7 2:4
5:7,19
**324**   18:22 19:9
**327,336**   27:17
**330**   30:21
**332**   18:16 24:21
**34**   26:23,24
**344**   25:19
**346**   16:12
**357**   26:21
**362**   11:10 14:25
19:21 21:4 22:1,5
22:16,17 23:6,19
24:11,19,25 25:2
25:9,11,21 26:2,4
26:6,9,11,17
**363**   27:5
**38**   25:1
**39**   2:6
**393,395**   18:14
**3d**   22:17

**4**

**4**   12:6,7 23:1
26:11
**40,46**   16:11
**400**   27:3
**4001-1**   27:23
**412.1**   7:24 11:23
**423**   16:10
**43**   3:2
**44**   4:6
**45**   3:6
**4th**   25:25

**5**

**5**   30:25
**5/14/2020**   2:17
3:10

**51**  5:24 26:25
**519**  26:13
**520,524**  18:17
**536**  22:17
**541**  11:2 12:13
  13:8,18
**5723325**  26:11
**576**  6:6
**59**  3:1 15:21 16:15
  16:16,19 17:22
  18:2 19:16
**595**  25:19
**5963-6300**  25:20
**5:05**  1:16
**5:51**  28:12
**5th**  4:13 9:10

**6**

**6**  29:6
**6.3**  18:4
**60**  3:1 15:21 16:2
  16:6,13 19:18
**613,614**  18:9
**660**  15:25
**660844**  17:25
**669,663**  26:21

**7**

**7**  6:8
**7/8/2020**  2:18 3:11
**72**  2:9
**767,772**  26:14
**788,792**  25:25

**8**

**8**  17:23
**8/12/2020**  2:19
  3:12
**8008**  16:23
**816,821**  26:25
**823**  25:24
**862**  27:18
**8th**  26:14

**9**

**9**  8:25 14:17 24:16
**9/3/2020**  2:20 3:13
**9023**  16:17 19:15
**9023-1**  15:24 17:1
  17:20
**9024**  16:1 19:17
**95**  25:18
**958,961**  26:23
**95th**  25:19
**973**  27:18
**98**  24:16

**a**

**abandon**  23:16
**ability**  7:14
**absent**  11:5
**absolute**  24:1
**accurate**  30:4
**acknowledging**
  27:11
**act**  22:8 25:22
**action**  6:9,10,18
  8:10,11 12:3,4
  14:19 20:22 23:25
  26:5 27:15
**actions**  10:3 14:15
  26:17
**addition**  10:6
  24:13,20,23 25:3
**additional**  27:21
**additionally**  13:6
**address**  7:4
**addressing**  12:12
  14:1
**adequacy**  25:16
**adequate**  25:3
**adherence**  26:6,8
  26:18
**adheres**  28:7
**adjourned**  13:20
  14:21
**administer**  27:14

**administration**
  21:10
**administrative**
  7:21,23 11:4,18
  11:22 12:20,23
  23:22 25:20
**administrators**
  8:16
**adopt**  13:7
**advance**  19:5
**advancing**  21:19
**advises**  9:12
**affirmed**  9:7,18
**affordable**  5:24
**afforded**  26:2,4
**afternoon**  5:3,5,6
**agrees**  26:7
**aid**  27:16
**alderson**  24:21
**allow**  11:11
**allowed**  14:18
**alter**  16:16,21
  17:21 18:2,24
**altered**  19:1
**alternate**  24:14
**alternative**  10:19
  10:23,25 11:15
  24:13 25:5
**amend**  16:16,21
  17:21 18:2,24
**amended**  20:11
**amount**  17:8
**amounts**  24:1
**appeal**  9:5,6,12
  16:10,24
**appeals**  9:13
**appear**  6:18
**appellant**  10:2
**appellant's**  9:16
  10:7,11,14
**appellate**  9:7,11
  9:14 10:10

**applicability**
  14:11
**applicable**  9:23
  16:1,2,17 25:9
  27:6
**application**  21:16
**applied**  11:9
**applies**  14:20
  16:16,19 20:23
**apply**  25:2
**appropriate**
  27:15
**april**  6:3
**argued**  10:25 11:8
  12:18 13:1,6 14:2
  14:12
**argues**  27:19
**argument**  17:2,3
  17:12,17 18:3
  28:7
**arguments**  10:14
  19:6 21:19
**arising**  6:12
**arrears**  7:2,2
**article**  5:21
**asia**  18:16
**aside**  8:12 12:5
**asserted**  20:23
**asserts**  22:23
**asset**  5:23
**associates**  16:12
**association**  25:24
  27:17
**attorneys**  4:4,12
**august**  6:5 8:19
  19:8
**aulicino**  27:3
**authority**  28:1
**authorized**  15:11
  15:13 20:4,6
**authorizing**  8:5
**automatic**  10:20
  11:3,7,8 15:1,5,10

19:19,22 20:3
21:25 22:2 23:7
24:3,20 25:4
27:12,25
**automatically**
19:22
**available**   16:13
25:14
**avenue**   1:7 2:5 4:4
5:7,19
**avert**   16:9
**award**   8:5

**b**

**b**   1:21 8:6 10:21
12:20 16:2,6,13
19:18 21:10
**b.r.**   16:10 18:17
18:22 19:9 24:16
24:21 25:1 26:13
26:21,23,24,25
27:2,3
**back**   6:13 23:17
**bad**   10:21 25:6
**bank**   25:23 26:22
27:17
**bankers**   25:24
**bankr**   16:11
17:23 18:17,22
24:17,21 25:1
26:11,21,23,25,25
27:3
**bankruptcy**   1:1
1:11,23 10:18,22
11:2 12:14 13:18
14:24 15:13,22,23
16:1,17 17:1,20
19:15,17,21 20:5
22:2,5,18 23:6,19
23:19 25:11,16,22
27:13,22
**bap**   26:14
**barkley**   26:24

**barr**   19:7
**barred**   10:5,14
24:8
**based**   28:2,6
**basis**   21:20,21
**behalf**   2:4
**believes**   17:11
**best**   17:22
**bowling**   1:12
**briefed**   15:20
21:14
**briefing**   13:21
27:9,20
**briefly**   6:23 9:20
22:22
**broad**   27:14,24
**broadway**   4:6
**bronx**   6:9
**bugg**   26:13
**building**   5:24 7:16
**buildings**   7:3

**c**

**c**   4:1 5:1,2 14:13
14:20 15:3,15
20:7,23 21:6,17
30:1,1
**cacuci**   4:16 5:5
**calder**   27:18
**cancelling**   8:10
12:4
**capability**   7:14
**carco**   16:10
**carrying**   7:14
**case**   1:3 2:1 5:8
9:4 10:20 17:5
21:2 24:9 25:6,8
26:14 27:15
**cases**   16:20 19:3
26:15,20
**casse**   27:16,17
**cause**   8:8 10:20
11:10 12:2 14:25

**certain**   25:15
**certified**   30:3
**challenge**   21:11
**chapter**   9:4 10:17
27:14
**charges**   6:13 7:17
**charles**   2:4 4:3,9
**chicago**   26:22
**church**   4:13
**cir**   16:12 18:15
22:17 25:25 26:14
**circuit**   25:21
**circuit's**   16:7
**circumstances**
16:23
**citation**   18:15
19:8
**cited**   19:3
**cites**   26:15
**city**   3:4 4:11,12
5:13 6:3,4,8,11,20
6:25 7:8,21 8:1
9:10 10:8,11,19
10:25 11:4,6,8,11
11:14,18,20,24
12:10,16,18,20
13:4,10,11,16
14:2,3,6,6,10,12
14:15,18 15:4,11
15:13 19:20,21
20:3,6,15,18,20
20:22 21:5,8 22:4
23:7,12,14,21,22
23:23 24:6 25:7
27:19
**city's**   6:22 10:9
12:9,22 13:3,7,22
13:23 14:5 15:3
20:24
**civil**   14:14,19
15:21,25 16:6,15
16:19

**claim**   10:11
**claiming**   10:12
**claims**   10:7
**clarification**
19:18
**clarify**   21:25
**class**   8:2,2
**clear**   24:9
**clerk**   9:22
**code**   7:21,23
10:18,22 11:2,4
11:18,22 12:14,20
12:23 13:18 16:20
19:21 21:10 22:2
22:6 23:6,19,22
25:11,19 27:14
**commence**   15:4
**commenced**   6:8
9:3 12:7
**commencement**
21:2
**commencing**   14:7
**commissioner**
7:25 8:7 12:1
**communications**
17:24
**company**   26:22
27:1
**complete**   7:4
20:22 21:9
**compliance**   23:13
24:7
**complied**   9:23
**concluded**   28:11
**conclusion**   22:13
**conclusive**   10:1
**conference**   2:1
**conferred**   27:23
**congress**   25:19
**congress's**   25:13
**congressional**
25:20

**connection** 5:11
10:8
**consenting** 27:9
**consequence** 23:5
**conservation** 18:7
**consider** 5:15,16
10:13 21:12
**consideration**
18:5
**considered** 17:12
19:1 22:20
**consisting** 5:24
**constituted** 13:17
**constraints** 24:15
25:8 26:6,9,17,19
**contend** 21:12
24:3
**contended** 11:17
21:5
**contentions** 20:19
**context** 21:13
**contingent** 11:6
11:23 13:15
**continuance**
25:23
**continuation**
14:14
**continue** 14:18
**continued** 2:11,12
2:13,23 3:16 5:9
12:9 13:13 22:13
**continuous** 14:14
**controlling** 17:11
18:12,19,25 21:17
**conveying** 8:1
21:9
**corp** 1:7 4:5 19:7
**corporation** 2:5
5:8,19,20 8:8 12:2
**correct** 16:9,13,14
**corresponding**
15:22

**cost** 9:19
**counsel** 8:8 12:2
17:11
**country** 30:21
**county** 8:22 9:22
**court** 1:1,11 5:3,6
5:9 8:22,23,23,25
9:13,14,15,20,24
10:6,10,13,18
12:7,8,14 13:6,14
13:20 14:21,23
15:2,7,10 16:3,7,9
16:14,21 17:5,7
17:11,13,15,17
18:1,4,12,17,19
18:24 19:2,3,6
20:2,19 21:12,15
21:17,20,22 22:12
22:18 24:17 25:2
25:9,16 26:15
27:6,10,14,19
28:3,6
**court's** 3:5 9:5,8
13:2 14:16,18
15:16 17:4 18:5
20:8 28:1,4
**courts** 26:3
**creditor** 26:1,4,7
**creditor's** 25:17
**creditors** 25:12,14
**criteria** 7:7
**crossing** 18:16

**d**

**d** 5:1,2 7:22 11:5
11:10 14:25 22:7
22:15 25:1 29:1
**d.md.** 26:25
**d.utah** 27:1
**date** 13:2 19:19
19:23 21:25 22:20
22:24,24 23:2,2,4
23:5,11,12 24:6
27:8 30:25

**dated** 6:5,16
**dating** 6:13
**day** 22:25 27:22
**days** 13:5,23 15:5
15:15 16:22 17:4
17:6 19:23 20:8
21:2,3,6 22:3,7,19
23:1,5,7,11,13
24:6
**debtor** 1:9 5:20
6:2,5,17,18,19,21
8:19 9:3,4,11
10:16 11:14,17
12:11,25 13:1,6
13:25 14:2,24
15:18 17:16,18
19:14,24,25 20:10
20:12 21:11,14,15
21:19,24 22:23,24
23:25 24:3,8
26:15 27:7
**debtor's** 3:4 6:12
9:8 11:3,6,9,12
12:13,21 13:15
21:22
**december** 6:15
9:6 12:7,16 23:1
**decision** 8:24 9:1
9:5,8,11,12,13
14:16 18:21
**decisions** 17:11
18:13,19,25 21:17
**decretal** 15:8,9
20:1,2,12
**deed** 6:5 8:1 11:20
11:24 12:22 13:3
13:5,9,17,23 14:3
14:5 15:12,14
20:4,6,21,24 21:7
**deeds** 9:18
**deemed** 14:9
**default** 6:15 9:17

**delinquent** 6:12
6:24
**demonstrate** 7:11
18:12 21:16
**denied** 9:16 20:17
29:5,6
**denies** 21:22 28:7
**denying** 8:24 9:1
9:8
**department** 4:11
7:8 9:7
**depending** 13:2
**determination**
19:20 20:14 21:3
22:1,15 23:18
28:4
**determined** 13:14
14:23 19:11 24:10
**determining** 17:3
17:5
**developers** 7:10
**developing** 5:22
**development** 2:5
4:4 5:7,19,20 7:9
**developtment** 1:7
**direct** 8:7 12:1
**discontinuing** 8:9
12:3
**dismiss** 23:24
25:7
**dismissal** 10:20
**dismissing** 25:6
**distressed** 6:24
**district** 1:2 18:4
**division** 9:7,14
**division's** 9:11
**doc** 2:2,6,9 3:2,6
**docket** 15:16 20:9
**docketed** 16:25
**due** 9:24 24:1
**duly** 9:21

**e**

**e**  1:21,21 4:1,1 5:1
 5:1,2,2 12:23
 16:15 17:22 18:2
 19:21 22:1,5,16
 22:17 23:6,19
 24:11,19,25 25:2
 25:9,11,13,21
 26:2,4,6,9,11,17
 29:1 30:1
**e.d.n.y.**  18:23
**e.d.pa.**  27:3,4
**earlier**  5:14 18:21
**ecro**  1:25
**effect**  12:15 22:13
**effective**  28:3
**eight**  8:4 11:25
**eisemann**  18:14
**eisenburg**  26:21
**either**  10:19 13:4
 25:6 26:2
**eliminated**  7:17
**employed**  18:6
**enacted**  25:12,22
**encourage**  7:1
**encumbrancers**
 8:17
**enforce**  15:1
**enforcement**  27:7
**enforcing**  14:19
**engaged**  10:8
**enter**  5:11
**entered**  6:16 7:21
 8:9,18 9:1,15,22
 12:2,14 13:24
 14:17 15:7 17:15
**entries**  10:1
**entry**  8:4,14 9:11
 11:25 13:23 15:15
 16:23 17:4,6
 19:12 20:8
**equitably**  10:12

**error**  16:9
**especially**  24:14
**established**  7:7
 14:25
**estate**  6:12 11:1
 12:13,19 13:8,17
 14:24 22:9 23:20
**estopped**  10:12
**event**  5:15
**evidence**  19:12
**example**  26:13,20
**exchange**  26:22
**exclusively**  5:22
**excusable**  16:5
**excuse**  5:10 14:14
**execute**  7:25
**exercise**  27:16
**existence**  27:11
**expedited**  24:18
**experience**  7:12
**expertise**  7:4
**expiration**  15:5
 21:3
**expired**  6:20
 10:13 11:5,13
 12:21,24 13:4,10
 14:9 23:23
**expressly**  26:2
**extend**  13:22 15:4
 20:24
**extended**  15:14
 20:7
**extending**  27:21
**extensions**  27:9
**extraordinary**
 18:6

**f**

**f**  1:21 30:1
**f.2d**  25:24 27:18
**f.3d**  16:12 18:14
 22:17 27:17
**f.supp.2d**  18:9

**fact**  16:8,14
**facts**  19:5
**factual**  18:13,20
 21:18
**fail**  13:17
**failed**  6:18 23:14
**fails**  26:7
**failure**  14:5
**faith**  10:21 25:6
**feb**  17:25
**february**  15:7,18
 17:16,17 28:5
**federal**  15:21,22
 15:25 16:6,15,19
 19:16,17
**file**  12:10,11
 13:21
**filed**  2:4 9:4 10:16
 10:19 12:25 13:25
 14:10 15:18 16:21
 17:16 19:24 20:18
 22:4,20,24 23:8
 25:6
**filing**  22:24 23:5
 23:12
**final**  7:20 8:4,12
 8:18 12:6 16:4
 22:14
**finality**  18:7
**finally**  27:13
**finance**  5:21 6:6
 7:25 8:7 12:1
**financial**  7:14
**find**  26:3
**finding**  26:16
**finds**  20:19 25:9
**first**  7:20 9:7 20:1
 21:23 24:9 25:19
**five**  5:24
**floor**  4:13
**follows**  7:24 9:20
 22:6,23

**food**  16:8
**foreclose**  6:11
**foreclosure**  6:9,10
 6:16,17,18 7:21
 8:10,20,25 9:2,9
 9:21,25 10:2
 11:19 12:1,3 13:9
 13:12 14:4,8,15
 14:19 15:2,5
 20:22 23:24,24
**foreclosures**  9:17
 10:9
**foregoing**  28:6
 30:3
**form**  20:1 21:23
 21:24
**forms**  19:25
**forth**  17:10 24:11
 24:24 26:17 27:22
**found**  9:24 10:6
 10:13 27:6
**four**  6:19 7:20
 10:1,4
**fourth**  25:21
**frame**  24:18
**frcp**  3:1,1
**full**  13:16 21:9
**fully**  15:19
**fund**  1:7 2:5 4:5
 5:7,19,20
**further**  15:3,10
 20:2 27:20
**future**  14:7

**g**

**g**  5:1,2
**gabriela**  4:16
**garrity**  1:22 5:4
**garsal**  24:16
**geneva**  19:7
**global**  18:16
**goal**  7:1
**going**  5:17

[good - matters]                                                                          Page 6

**good** 5:3,5,6
**governing** 18:1
**governs** 16:24
  17:1
**granted** 9:17
  12:10 15:3 20:17
  26:10
**granting** 25:7
**grants** 17:13
**gray** 26:13,13
**green** 1:12
**greene** 18:14
**greenwald** 17:24
**grundy** 25:23

**h**

**handler** 18:22
  19:9
**health** 18:8
**heard** 17:12
**hearing** 2:1 3:1
  5:9,17 12:7,8
  13:13 14:22,23
  21:13 22:12,14,19
  23:2,3,4 26:8
**hearings** 27:21
**held** 8:17 14:21
**higgs** 2:4 4:3,9
  28:10
**highlights** 25:13
**history** 25:12
**hold** 22:18
**hon** 1:22
**honor** 5:5 28:10
**house** 25:18
**housing** 1:7 2:5
  4:4 5:7,20,21,22
  5:24 6:6 7:8
**hpd** 7:9,9 21:9
**hyde** 3:25 30:3,8

**i**

**immediately** 8:17
**impending** 8:20

**implication** 27:21
**implicit** 26:3,10
  26:16
**implicitly** 26:3
**imposes** 17:20
**improper** 20:13
  21:12
**inadequate** 10:7
**inadvertent** 16:5
**include** 26:20
**including** 6:10
  8:15 10:21 21:1
**income** 5:23,25
**inconsistent** 26:5
  26:8,18
**indiscernible** 7:15
**individuals** 5:23
  5:25
**influenced** 18:20
**inherently** 26:5
  26:18
**initial** 23:2,2,4
**injunction** 25:23
**insufficient** 11:7
**intended** 6:24
**intent** 25:13
**interest** 11:9,23
  18:7 22:11 25:17
**interested** 7:19
**interim** 8:9
**internal** 19:2
**invoke** 15:23,23
**invokes** 15:20
**issue** 8:3 12:12
  17:19 21:14,16
  24:8 27:8
**issued** 8:24 27:19
**issues** 14:2 19:6

**j**

**j.h.** 27:1
**james** 1:22
**january** 1:15 9:10
  12:9,25 13:13,20

13:25 14:10,21
**jlg** 1:3
**jr** 1:22
**judge** 1:23 5:4
**judgement** 15:2
**judgment** 6:15,17
  7:20 8:5,13,18,20
  8:21,25 9:2,9,19
  10:2 11:19,25
  12:6 13:11 14:4
  14:19 16:4,16,21
  16:23,24 17:6,7
  18:24 19:13 23:24
**judgments** 9:17
  9:21 10:3 17:21
  18:2
**judicial** 18:7
**july** 8:25 9:3,4
  10:16 14:17
**june** 6:8
**jurisdiction** 27:16
**jurisdictions**
  26:16

**k**

**key** 27:16
**king** 26:11

**l**

**l** 1:22 2:23 3:16
  17:25
**labs** 19:7
**language** 14:12
  20:13,14 21:5
**law** 4:3,11 5:22
  6:7 9:23 14:1,10
  15:13 16:8,14
  19:23 20:5 22:3
  23:20 24:4,9
  25:14
**leave** 9:12 12:10
**ledanski** 3:25 30:3
  30:8
**legal** 16:3 19:11
  20:14 21:19 30:20

**legislation** 7:1
**legislative** 25:12
**letter** 5:13
**lien** 14:6
**lienors** 8:16
**liens** 6:11 7:16
**lift** 3:5 11:10
  22:19 28:2
**lifted** 15:11 20:3
  20:23 22:21
**limitation** 27:8
**limitations** 14:4
  14:13 27:5
**limited** 12:11
  14:13 18:16 27:2
  27:2
**line** 29:4
**litigation** 18:9
  27:11
**llc** 16:10
**local** 15:23 17:1
  17:20 18:3 27:22
**long** 13:10
**looney** 25:24
**losing** 14:6
**low** 5:23

**m**

**maintains** 20:16
**making** 22:11
**management** 7:12
  18:8
**mandatory** 11:3
**march** 30:25
**marketing** 17:25
**marks** 19:2
**materially** 18:20
**matter** 1:5 5:4,6
  12:9 13:20 14:11
  15:9,20 17:14,19
  21:21 24:4 25:10
**matters** 5:15,16
  17:10 18:13,20,25
  19:10 21:18

**mcneely** 26:25
**md** 25:1
**memorandum** 14:1,10
**merit** 20:19
**million** 6:14
**mineola** 30:23
**minute** 12:14 27:19
**misconduct** 10:8
**mistake** 16:5,8,13 16:14
**month** 6:19 10:4
**months** 7:20 8:4 10:1 11:25
**mortgagees** 7:18 8:15
**motion** 3:1,5 5:11 5:12 8:21,24 9:1,8 10:3,19,22,23,25 11:15 13:22 15:18 15:20 16:20,24 17:2,3,5,9,10,13 18:14,18,23 19:10 19:14,24 20:16,18 20:20 21:19,23 22:4,19,20,24,25 23:2,3,4,5,8,9,12 24:3,14,22 25:5 27:9 28:2,8 29:5,6
**motions** 9:16 10:5 16:16 17:1,21 18:1,3
**movant** 18:18 24:9,18
**movant's** 24:12 24:23
**moved** 8:19
**moving** 18:11,11 19:5 25:3
**mullarkey** 22:17
**multiple** 6:9

**n**

**n** 4:1 5:1,2 29:1 30:1
**n.2** 18:15 26:21
**n.d.** 26:23
**n.d.n.y.** 24:17
**national** 25:23 26:22 27:17
**necessary** 7:15 27:15
**need** 16:10
**neglect** 16:5
**new** 1:2,13 3:4 4:11,12,14 6:3,25 7:3,8,9,11 8:21,22 9:13 11:4,18 12:20 16:20,22 19:5,11,21 23:21 25:20
**nine** 13:5
**non** 15:13 20:5
**notably** 7:18
**note** 7:25
**noted** 10:16 14:16 18:1,17 20:1 25:2 25:21
**notice** 8:11 9:5,10 12:4 16:2 21:3,7 22:12
**notices** 9:23
**noting** 16:12
**november** 6:16 11:14 22:25 23:8 23:11,20 24:4 28:1,3
**nullity** 23:10
**number** 5:8 25:18
**ny** 1:13 4:7,14 30:23

**o**

**o** 1:21 5:1,2 30:1
**obligation** 13:11

**obtained** 8:21
**occupied** 7:13
**occurring** 21:1
**october** 10:18 19:23 22:23 23:1
**office** 9:22
**offices** 4:3
**old** 16:10 25:22 30:21
**omitted** 18:15 19:2,8
**operation** 19:22 22:3 23:20
**opinion** 28:8
**opportunity** 5:12
**oppose** 26:8
**opposing** 11:16 21:14
**opposition** 3:4,4 13:1
**oral** 17:12
**orally** 17:14
**orb** 17:24
**order** 3:5 5:10 8:9 8:14,24 9:1,6 12:3 12:14 13:24,24 14:17,18 15:8,8 15:16,16 16:4,22 17:3,4,6,15 18:5 18:23 19:15,17,18 20:8,11,11,13,17 23:10 25:5
**ordered** 15:10 20:2
**orders** 9:14 17:7 17:13 22:12 27:20
**organized** 5:21
**original** 17:5,9
**overlooked** 18:12 18:19,25 21:17
**owner** 11:20
**owners** 7:3,9,11 7:18 8:15

**ownership** 6:2 11:6,23 13:16

**p**

**p** 4:1,1 5:1,2
**page** 12:6 29:4
**paid** 7:2
**paragraphs** 15:8 15:9 20:1,2,12
**parcel** 8:2,6
**pardon** 16:20
**part** 5:16 6:21 22:5
**particular** 5:8
**parties** 7:19 8:15 13:21 15:19
**partners** 26:23
**party** 6:21,22,23 7:6,18 8:1 10:10 11:12 15:12 16:3 18:11 19:5 20:5 21:8 22:11 23:14 24:5 25:3
**pay** 24:1
**payment** 7:1
**payphones** 17:22
**pendency** 8:11 12:4 24:2
**pending** 16:25 22:13 23:9
**perfected** 9:6
**period** 6:19 10:4 10:12 11:4 12:21 12:22 14:5 15:4 15:12 20:5,25 21:1 23:15 24:24 27:7,22
**periods** 24:11
**permit** 13:21 16:9
**petition** 10:17,17 12:22,24
**pharmacy** 19:7
**plain** 14:12 21:5

plains  4:7
plans  23:16
pleaded  24:12
pm  1:16 28:12
policy  6:25
position  13:7
  24:17
positions  27:10
possession  8:5
post  16:24
powers  27:14,23
practice  16:24
  25:22
pre  12:22,24
precisely  17:10
preliminary
  22:18
prepare  8:8 12:2
present  19:11
  25:14
presented  19:6,12
  21:20
preservation  7:8
presumption  9:25
prevent  25:22
prevented  14:7
previous  18:5
previously  19:6
  19:10 21:20
prior  19:12
private  5:21 6:6
problem  6:24
problems  7:4
procedure  15:21
  15:25 16:6,15,19
proceeding  14:8
  14:15 16:4 20:16
proceedings  9:25
  28:11 30:4
process  7:10 9:24
processes  7:7
program  6:22,23
  7:6 10:10 11:12

23:14 24:5,7
project  5:23
prompt  7:1,4
properties  6:9,25
  7:19 9:18,21 10:4
  26:24
property  6:1,2,4
  6:10,11,20,21
  7:13 8:2,3,10,12
  10:9 11:1,1,9,11
  11:20,21,24 12:4
  12:5,12,13,19,19
  12:21 13:7,8,16
  13:17 14:8,23,23
  15:2,12 20:4,15
  20:21,25 21:8,10
  22:9 23:13,15,16
  23:17,23,25 24:7
proposed  7:6,11
protect  25:12
protection  25:3
  25:13,16
protections  26:2,4
provided  16:18
  24:18 25:17
provides  7:24
  22:18 25:13
providing  23:25
provisions  6:6
  11:18
publication  9:22
purpose  5:22
  12:12
pursuant  6:5 8:6
  11:11,22 13:12
  15:14 16:1 18:2,3
  19:15,17,20 20:7
  23:6,18,21 28:1
put  18:13 21:18

q

qualifications
  7:10,12

qualified  5:25 7:7
  7:17
quickly  7:2
quotation  19:2,4

r

r  1:21 4:1 5:1,2
  30:1
raise  19:11
raised  14:2
raising  24:8 27:8
ramos  26:20
reached  19:2
real  6:12 8:2
realty  24:16
reargued  17:14
reargument  3:1
  29:6
reasonably  19:1
reasoned  9:20
receivers  8:16
receives  21:7
reconsider  5:10
  5:10 18:18
reconsideration
  3:5 15:19,20 17:2
  18:3,11 19:14,16
  20:10
record  5:17 10:7
  14:22 28:2 30:4
redeem  6:20 7:19
  10:4 11:12 12:21
redemption  10:12
  11:4,6
refer  5:25 6:4
  8:22 10:22 11:15
  12:17
reflect  19:19
regarding  14:11
regularity  9:25
rehabilitation  7:5
  7:13
reimpose  28:3

rejected  10:11
relevant  15:9 22:5
relied  26:14
relief  5:11 10:19
  10:23,24,25 11:15
  11:16 12:8,17
  13:1,14,19,22,24
  14:22,25 15:8,16
  17:15,18 19:15,17
  19:18,24,25 20:1
  20:11,11,16,18,20
  20:20 21:15,23,24
  22:4,8,25 23:3,8,9
  24:2,12,13,15,19
  24:20,22,23,23,24
  25:4,5,7 28:4,8
  29:5
relieve  16:3
relitigate  19:10
rem  6:8 9:17 12:3
  13:9 14:8,15,19
  15:4 23:24
remaining  13:5
remains  11:19
remedy  6:24 18:6
remember  5:14
remove  20:12
rendering  23:9
rental  5:25
replied  12:16
reply  5:13 12:10
  12:18
report  2:4 25:18
representative
  16:4 25:18
request  5:9,18
  7:10 10:24 11:17
  12:8,9,17 13:1,14
  13:20,22 14:22
  15:3 17:16 21:11
  21:13,22 22:7,11
  22:22 24:10,12,14
  24:22,22,23 25:7

28:5,7
**requested** 10:25
24:13
**requests** 20:10
24:19 25:3
**required** 17:9
23:23 27:20
**residential** 6:25
7:13
**resolution** 8:20
28:8
**resolve** 21:21
**resolving** 21:16
**resources** 18:8
**respect** 22:10
**respectfully** 28:6
**responded** 11:15
**response** 5:13
11:16 12:6,11,17
**restore** 8:14
**restored** 13:16
**result** 6:12 14:6
19:1 22:14
**resulting** 17:6
**results** 24:24 26:9
**retain** 7:19
**retained** 11:23
**return** 27:8
**returnable** 17:8
**revert** 23:16
**review** 5:12
**reviewed** 5:15
**right** 5:3 6:19
7:19 11:5,12
13:15 20:14 24:1
24:10
**rights** 11:7 15:1
26:10
**road** 30:21
**routinely** 26:3
**rule** 15:23,25 16:1
16:2,6,13,15,16
16:17,18,18,19,23

17:1,20,21 18:2,4
19:15,16,17,18
25:16 27:22
**ruled** 9:14
**rules** 15:21,21,22
16:15,19
**ruling** 5:17 13:19
**rulings** 29:3

**s**

**s** 4:1 5:1,2
**s.d.fl.** 26:21
**s.d.n.y.** 16:11
17:23,25 18:9,17
19:8
**s.d.tex.** 26:11
**says** 20:13
**scarce** 18:7
**schedules** 27:10
**scheduling** 27:21
**seaside** 27:1,2
**second** 16:7 21:24
22:22 25:11
**section** 6:6 7:21
7:23 8:6 11:2,5,10
11:18,22 12:13,20
12:23 13:4,8,12
13:15,18 14:1,11
14:13,20,25 15:3
15:15 19:20 20:7
20:23 21:4,6,10
21:17 22:1,5,8,10
22:15,16,17 23:6
23:19,21 24:11,19
24:25 25:2,11,21
26:2,4,6,9,10,17
27:5,13,23 28:2
**sections** 10:21
**secured** 25:14,17
**securities** 18:9
**see** 15:16 16:6,10
16:11 17:22,24
18:16,22 19:9
22:16,16 24:16

27:16
**seek** 9:12
**seeking** 10:19
17:19 21:25
**seeks** 19:14,25
**selected** 21:8
**selects** 7:9
**sense** 16:8
**sent** 5:13
**separate** 24:19
**served** 9:10 17:3
**services** 18:8
**session** 25:19
**set** 17:10 24:11,24
26:17 27:22
**sets** 25:15
**setting** 8:12 12:5
**settled** 26:1
**shareholders**
23:17
**show** 18:19,24
**small** 25:1 26:24
26:24
**sole** 5:23
**solutions** 30:20
**sonya** 3:25 30:3,8
**sought** 6:11,20
17:18 20:20 25:5
**south** 4:6
**southern** 1:2
**sparingly** 18:6
**specifically** 17:13
**standards** 17:21
18:1
**state** 8:22 9:13
13:2 14:18 27:10
**states** 1:1,11 16:2
16:18 17:2 22:6
**status** 2:4,8 8:17
**statute** 13:9 14:4
**statutes** 14:13
**statutorily** 26:10

**statutory** 11:17
12:21
**stay** 3:5 5:11 8:21
10:20,24,24 11:3
11:7,9,10,16 12:8
12:17 13:1,2,14
13:19,19,22,24
14:22 15:1,6,7,10
15:16 17:15 19:15
19:16,18,19,22,24
20:3,10,11,18,20
20:20,23 21:4,7
21:13,25 22:3,3,8
22:10,13,19,20,25
23:3,7,8,9,10 24:2
24:3,10,12,20,24
25:4,7 27:12,25
28:2,3,4,8
**story** 5:24
**street** 4:13
**striker** 27:1
**subject** 10:4 11:3
13:18 24:15 25:8
28:4
**subsection** 25:15
**substance** 12:18
14:2,12
**succeed** 18:18
**successful** 18:23
**suite** 4:6 30:22
**summary** 20:16
**supplemental**
13:21 14:1
**support** 10:7,24
19:3 22:22
**supreme** 8:22
9:14
**surprise** 16:5
**surreply** 12:11,25
**suspension** 21:1

| t | | |
|---|---|---|

**t**  30:1,1
**take**  10:3 27:15
**taken**  26:18
**takes**  24:17 26:5
**tax**  6:11,24 7:2,16
  14:6 24:1
**taxes**  6:13
**technological**
  19:7
**telephonically**  4:9
  4:16
**terminated**  13:3
  14:17 19:19,22
  22:1,3,10 23:7,20
  24:4 27:25
**termination**  21:7
**terms**  16:3
**thank**  28:9,10
**theory**  19:11
**things**  7:12
**third**  6:21,22,23
  7:6,18 8:1 10:9
  11:12 15:12 20:5
  21:8 23:13 24:5
**thirty**  22:7
**time**  10:5,14 13:3
  13:8,23 14:3,9
  15:4 17:8 20:15
  20:24 23:15,22
  24:2,11,15,18,24
  25:8,15 26:6,9,16
  26:19
**timely**  9:5,6 13:17
  14:5 17:18
**timing**  21:11
**title**  21:9
**totaling**  6:13
**transcribed**  3:25
**transcript**  30:4
**transfer**  6:20,22
  6:23 7:3,16,17
  10:10 11:11,12,24

12:22 13:3,5,9,17
  13:23 14:3,5,9
  15:11,14 20:4,6
  20:15,21,24 21:7
  23:13,14,14,16,22
  24:5,6
**transferees**  7:6
**transferred**  6:4
**transferring**  9:18
**transfers**  10:9
  11:20
**trial**  8:23,23,25
  9:5,8,15 14:16
  16:20,22
**trigger**  11:7
**true**  30:4
**trust**  26:22
**two**  19:25 21:2
**type**  8:3

| u | | |
|---|---|---|

**u.s.**  1:23 25:19
**u.s.c.**  15:15 20:7
  22:16
**unambiguously**
  27:24
**unanimously**  9:18
**unavailing**  10:15
**underlying**  18:14
  21:18
**understands**
  17:18
**united**  1:1,11
**units**  5:25
**unknown**  1:25
**unpreserved**
  10:14

| v | | |
|---|---|---|

**v**  17:24 18:14 19:7
  25:23 26:13,21,24
  27:1,16
**vacate**  8:20,24 9:1
  9:8,16 10:3,5
  13:11 23:23

**vacated**  20:12
**vacating**  8:12
  12:5 19:16
**various**  26:15
**veritext**  30:20
**view**  16:7
**villa**  1:7 2:5 4:4
  5:7,19 20:24 21:8
  21:9
**virginia**  25:24
**voluntary**  10:17

| w | | |
|---|---|---|

**w.d.la.**  24:21
**waive**  26:1
**waived**  27:7
**waiver**  24:24
  26:10
**waivers**  26:3,16
**waives**  24:9,18
**week**  5:14,14
**white**  4:7
**wilmette**  26:23
**wl**  17:22,25 19:8
  26:11

| x | | |
|---|---|---|

**x**  1:4,10 29:1

| y | | |
|---|---|---|

**york**  1:2,13 4:11
  4:12,14 6:3,25 7:8
  8:22,22 9:13 11:4
  11:18 12:20 19:21
  23:21
**york's**  3:4