HON. SYLVIA HINDS-RADIX  Hearing Date: 02/28/2024 @ 10:30 a.m.
Corporation Counsel of the City of New York
Attorney for the City of New York and Its Agencies
100 Church Street, Room 5-223
New York, New York 10007
(212) 356-2138
By: Hugh Shull (HS-0236), Ass't Corp. Counsel
hughs@law.nyc.gov

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:

                                        Chapter 11

3175-77 VILLA AVENUE HOUSING
DEVELOPMENT FUND CORPORATION,    Case No.19-12359 (JLG)

Debtor
-----------------------------------------------------------x

**THE CITY OF NEW YORK'S RESPONSE TO THE UNITED STATES TRUSTEE'S
MOTION TO DISMISS OR CONVERT THE CASE, IN SUPPORT OF DISMISSAL**

        The City of New York (the "City"), by its counsel, Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, hereby submits this response to the United States Trustee's Motion to Dismiss or Convert the Debtor's Case dated December 18, 2023 (the "Motion), in support of dismissal of the case, and respectfully represents as follows:

        1.    The debtor, 3175-77 Villa Avenue Housing Development Corporation (the "Debtor") is a housing development fund corporation ("HDFC") organized under the Private Housing Finance Law of the State of New York ("PHFL") to develop affordable housing. The City had foreclosed on the property located at 3175-77 Villa Avenue, Bronx New York, Block 3322 Lot 37 (the "Property) in 1984 in an in rem tax foreclosure. It transferred title to the Property to the Debtor in accordance with the PHFL by deed dated April 15, 1993.

2. The City another modified in rem foreclosure judgment against the Property for outstanding taxes by foreclosure judgment dated December 1, 2017 (the "Foreclosure Judgment"). The City intended to transfer title pursuant to a 3rd party to rehabilitate the property and maintain it as affordable housing under 11-412.1 of the City's Administrative Code.

3. The Debtor filed a bankruptcy petition on July 23, 2019, and commenced an adversary proceeding against the City on October 28, 2019 alleging certain claims, including seeking a declaration that the Property was property of the estate, or, if there had been a transfer, that it was a fraudulent conveyance and/or improper taking. The Debtor had sought to vacate the foreclosure judgment in state court, but this relief was denied, which became a final order.

4. By order dated February 12, 2020, the City obtained relief from the automatic stay permitting it to complete its foreclosure transfer.

5. The City also moved to dismiss the adversary proceeding. Because the City's time to transfer under the foreclosure judgment had a set time period, and to allow the parties to attempt to negotiate a global resolution. the parties entered into a series of scheduling orders extending the transfer period, most recently to March 7, 2024, and adjourning the motion to dismiss the adversary proceeding and extending the time to respond to the motion.

6. Unfortunately, despite good faith attempts, the parties have been unable to achieve a global resolution. Among the disputes are the value of the Property to the extent it is subject to the PHFL and affordability restrictions, which the Debtor has alleged do not apply now, and which the City disputes.

7. Notwithstanding, the parties are negotiating an agreement whereby the City would agree not to transfer title and to vacate the foreclosure judgment with the Debtor agreeing to dismiss the adversary proceeding and agree to dismissal of the case. While an agreement has

not been finalized and subject to agreed language, if finalized and approved it would leave the parties to their respective rights and prevent litigation of issues in federal court of primarily a state law character.

8. The City believes the US Trustee's motion should be adjourned until the parties can agree on provisions relating to dismissal of the case. The City believes that dismissal is in the best interest of creditors, since otherwise it would be compelled to transfer title in accordance with its foreclosure judgment and stay relief order.

9. The City is the majority creditor. There are only di minimis other claims. The City will be owed $3,447,157.28 in real property taxes as of the April 1, 2024 quarterly real property tax bill. Over $400,000 of that represents post-petition taxes and charges. The City's Water Board also filed a claim for $78,706.14. With interest, the pre-petition water charges now total $86,626.54, and there are $171,223.29 in post-petition water charges, which are entitled to first position lien along with the property taxes.

10. Clearly, with post-petition charges mounting, there are grounds to dismiss the case. The City believes the case should be dismissed, and believes that the Debtor will consent thereto, and are working to find a resolution that will allow the debtor to do so while preserving the City and Debtor's rights and claims with respect to the Property.

Wherefore, for all of the reasons set forth above, the City requests that the Court adjourn the dismissal motion pending the parties agreeing to a dismissal stipulation, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      February 21, 2024

HON. SYLVIA HINDS-RADIX
Corporation Counsel of the City of New York

By:    /s/ Hugh H. Shull
        Hugh H. Shull, Ass't Corp Counsel
        100 Church Street, Room 5-233
        New York, New York 10007
        Tel.  (212) 356-2138
        hughs@law.nyc.gov